UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

In re                                                                Chapter 13
Melissa Marie Perez,                                    Case No. 15-31645-svk
            Debtor.

**DECISION OVERRULING TRUSTEE'S OBJECTION TO CONFIRMATION**

Melissa Marie Perez (the "Debtor") works as a salesperson for Carmax Auto Superstores; as part of her compensation, she receives the personal use of a vehicle. The Debtor's March 20, 2015 pay advice shows taxable "demo" pay of $625.83, and states that this amount increases her taxable gross income only. (Dkt. No. 24.) The issue is whether the Debtor must include the demo pay in her current monthly income ("CMI"). Including it boosts the Debtor's income over the median, and she will be forced to fund a 60-month plan with income that she does not physically receive. The Trustee argues that the Debtor's actual receipt of money is irrelevant to the determination of whether the demo pay should be included in CMI and suggests that the Debtor could give up another vehicle or seek a contribution from her adult daughter to pay for the extra vehicle.

For our purposes, the Bankruptcy Code defines CMI in § 101(10A) as "the average monthly income from all sources that the debtor receives (or in a joint case the debtor and the debtor's spouse receive) without regard to whether such income is taxable income." The operative term "income" is not defined by the Code. Therefore, the Court must look elsewhere for the ordinary meaning of the term. *See FCC v. AT&T Inc.*, 562 U.S. 397, 403-04 (2011).

The Trustee relies on *In re Inghilterra*, No. 11-11776 HRT, 2012 Bankr. LEXIS 1460 (Bankr. D. Colo. Apr. 4, 2012), an unpublished case in which a debtor's demo pay was treated as income for purposes of determining Chapter 7 eligibility. Citing *In re DeThample*, 390 B.R. 716

(Bankr. D. Kan. 2008), the court adopted the definition of income from *Merriam-Webster.com*, as "a gain or recurrent benefit usually measured in money that derives from capital or labor." 390 B.R. at 720-21, 721 n.22. Under this definition, use of the demo vehicle could qualify as income as an ongoing benefit provided by the Debtor's employer. However, another resource, *Black's Law Dictionary*, defines income as "[t]he money or other form of payment that one receives, usu. periodically, from employment, business, investments, royalties, gifts, and the like." This definition arguably does not include the demo vehicle use, as it is not money. Other dictionaries provide different definitions, and, "[i]n reviewing English language and technical dictionaries, . . . the only thing that becomes clear is that income has more than one ordinary meaning, even in the business context." *In re Harkins*, 491 B.R. 518, 528 (Bankr. S.D. Ohio 2013). Studying dictionary definitions provides no clear answer to the question in this case.

Similarly, the Tax Code definition does not control the meaning of the word "income" for purposes of § 101(10A) of the Bankruptcy Code. "The phrase 'without regard to whether such income is taxable income' in § 101(10A) reflects a clear congressional intent that Tax Code concepts for determining taxable income are inapplicable to a determination of current monthly income." *Drummond v. Wiegand (In re Wiegand)*, 386 B.R. 238, 242 (B.A.P. 9th Cir. 2008). Thus, the fact that her employer reports the Debtor's demo pay to the IRS as part of her gross income is not dispositive.

A "fundamental principle of statutory construction" is "that the meaning of a word cannot be determined in isolation, but must be drawn from the context in which it is used." *Deal v. United States*, 508 U.S. 129, 132 (1993). The purpose of calculating CMI is to compare it to median income, as reported by the Census Bureau, "to distinguish debtors with higher than average household incomes from debtors with lower than average household incomes." *In re*

*Sharp*, 394 B.R. 207, 216 (Bankr. C.D. Ill. 2008). In Chapter 13 cases, CMI is used to establish the amount a debtor must pay to unsecured creditors to overcome an objection to confirmation. 11 U.S.C. § 1325(b). The editors of *Collier on Bankruptcy* sensibly observe that "[b]ecause the current monthly income is compared to census figures for median income, it makes sense to look to census definitions of income for guidance." COLLIER ON BANKRUPTCY ¶ 101.10A (Alan N. Resnick & Henry J. Sommer eds., 16th ed.).

Notably, the Census Bureau definition explicitly excludes in-kind income. As noted in *Harkins*, 491 B.R. at 526, the American Community Survey is the source for the Census Bureau's state median income figures. That document defines income generally to include monetary forms of income, but not non-monetary sources:

> "Total income" is the sum of the amounts reported separately for wage or salary income; net self-employment income; interest, dividends, or net rental or royalty income or income from estates and trusts; Social Security or Railroad Retirement income; Supplemental Security Income (SSI); public assistance or welfare payments; retirement, survivor, or disability pensions; and all other income.
>
> Receipts from the following sources are not included as income: capital gains, money received from the sale of property (unless the recipient was engaged in the business of selling such property); the value of income "in kind" from food stamps, public housing subsidies, medical care, employer contributions for individuals, etc.; withdrawal of bank deposits; money borrowed; tax refunds; exchange of money between relatives living in the same household; gifts and lump-sum inheritances, insurance payments, and other types of lump-sum receipts.

*American Community Survey and Puerto Rico Community Survey 2014 Subject Definitions*, at 79. Available at https://www2.census.gov/programs-surveys/acs/tech_docs/subject_definitions/2014_ACSSubjectDefinitions.pdf (last visited June 3, 2016).

The value of the Debtor's employer-provided vehicle is an example of "in kind" income and does not qualify as income under the Census Bureau definition. Admittedly, the Census

3

Bureau and Bankruptcy Code definitions are not coextensive.  *See Harkins*, 491 B.R. at 526-27.  For example, CMI under the Bankruptcy Code excludes benefits received under the Social Security Act, while the Census Bureau definition includes these amounts.  But the fact that the definitions do not provide a perfect apples-to-apples comparison in all cases does not preclude the Court from looking to the Census Bureau definition for guidance about the general character of income for purposes of determining CMI.  Using a dictionary definition but ignoring the Census Bureau definition disregards the statutory context of the term "income" in § 101(10A).

Although the court in *Harkins* considered the Census Bureau definition of income and rejected it as not "determinative," the question in that case was whether self-employed debtors could deduct business expenses when calculating CMI.  *See Harkins*, 491 B.R. at 527.  The business expense issue is governed in large part by Bankruptcy Code § 1325(b)(2)(B), permitting debtors engaged in business to deduct "expenditures necessary for the continuation, preservation, and operation of such business."  The *Harkins* court concluded that allowing debtors to deduct business expenses when they calculated CMI, and then deduct the expenses again to arrive at disposable income, "would either permit a double deduction of business expenses or would render § 1325(b)(2)(B) surplusage."  *Id.* at 522.  Given the statutory scheme, the court understandably concluded that CMI was to be calculated without deducting business expenses.  *See also In re Bembenek*, No. 08-22607-svk, 2008 Bankr. LEXIS 3003 (Bankr. E.D. Wis. July 2, 2008) (reaching the same conclusion as *Harkins*).  Here, no other Bankruptcy Code section provides guidance on whether the Debtor's personal use of a demo vehicle is income.  Instead, the statutory context indicates reference to the Census Bureau definition is appropriate.

The *Inghilterra* case relied on by the Trustee cites *DeThample*, 390 B.R. 716, where the court held that a debtor's 401(k) plan distribution should be included in CMI.  This court read

4

"§ 101(10A) to include every dime a debtor gets during the relevant period except for those amounts specifically excluded by § 101(10A)(B), like Social Security benefits," which it believed was "consistent with the apparent purpose of the CMI calculation, that being to determine how much money debtors have available to pay their creditors." *Id.* at 721. *DeThample* is distinguishable. Receiving money in the lookback period is not the same as receiving a vehicle for personal use. Unlike a 401(k) distribution, the Debtor's receipt of this benefit does not provide her with any money to use to fund a plan. To the extent the court in *Inghilterra* accepted *DeThample*'s dictionary definition of income without distinguishing the physical receipt of money that would enable the debtor to fund a Chapter 13 plan and without considering that the Census Bureau's median income calculations likely would have excluded the demo pay benefit, this Court respectfully disagrees.

The Trustee also cites *In re Meade*, 420 B.R. 291, 307-08 (Bankr. W.D. Va. 2009), in which above-median debtors apparently included the personal use value of one spouse's company vehicle in their CMI. Although the court "found that Mr. Meade's employer provided additional compensation to him for the deemed value of his personal use of the company vehicle," it did not explicitly analyze why or how this compensation constituted "income" under § 101(10A). *Id.* at 307. In this case, whether the value of the vehicle use is included in CMI will make the difference in the Debtor's status as above or below the median income. The *Meade* court's comment about the debtor's "compensation" is not persuasive in analyzing the issue here.

In sum, dictionary definitions of "income" in isolation do not supply a clear answer on the inclusion of the Debtor's demo pay in CMI. Examining the statutory context, since CMI is compared to the Census Bureau's determination of median income, the Court should look to the Census Bureau's definition for guidance. That definition would exclude this non-monetary

5

benefit.  Although some courts include items in CMI that the Census Bureau definition excludes, these items are typically received in the form of money, unlike the benefit here.  Especially in Chapter 13, exclusion of the benefit from CMI is logical because the ultimate function of CMI is to determine to what degree a debtor is able to make payments to creditors.  The Debtor cannot use the value of her personal use of the demo vehicle to pay creditors.  Accordingly, the value need not be included in her CMI.

The Court will enter a separate order overruling the Trustee's objection to confirmation and confirming the Debtor's plan.

Dated: June 3, 2016

By the Court:

/s/ Susan Kelley
Susan V. Kelley
Chief U.S. Bankruptcy Judge